# Exhibit A

**ELECTRONICALLY FILED**
DOC ID: 14237702
CASE NO: 2021-L-0000224
DATE: 7/29/2021 1:54 PM
BY: J P, DEPUTY

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## WINNEBAGO COUNTY, ILLINOIS

GINO EDWARDS, individually and on behalf
of all others similarly situated,

        *Plaintiff,*

    v.

NORGREN, INC d/b/a IMI PRECISION
ENGINEERING,

        *Defendant.*

Case No.: 2021-L-0000224

## CLASS ACTION COMPLAINT

Gino Edwards ("Plaintiff") brings this Class Action Complaint ("Complaint") against Norgren, Inc., d/b/a IMI Precision Engineering ("Norgren" or "Defendant") to put a stop to its unlawful collection, use, and storage of Plaintiff's and the putative Class members' sensitive biometric data. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences and, as to all other matters, upon information and belief.

### NATURE OF THE ACTION

1.    Defendant manufactures pneumatic and hydraulic cylinders.

2.    Plaintiff was employed at Defendant's Machesney Park location through 2021 where he used a fingerprint to "punch in and out" as a means to track time worked.

3.    Defendant required employees and temporary staffing workers to use a biometric time clock system to record their time worked.

4.    When employees first begin their jobs at Defendant's location, they are required to scan their fingerprint in a biometric time tracking system as a means of authentication, instead of

using only key fobs or other identification cards.

5.     While there are tremendous benefits to using biometric time clocks in the workplace, there are also serious risks. Unlike key fobs or identification cards—which can be changed or replaced if stolen or compromised—fingerprints are unique, permanent biometric identifiers associated with the employee. This exposes employees to serious and irreversible privacy risks. For example, if a fingerprint database is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

6.     Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), specifically to regulate companies that collect and store Illinois citizens' biometrics, such as fingerprints.

7.     Despite this law, Defendant disregards their workers' statutorily protected privacy rights and unlawfully collects, stores, and uses their biometric data in violation of the BIPA. Specifically, Defendants have violated (and continue to violate) the BIPA because they did not:

- Properly inform Plaintiff and the Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by the BIPA;

- Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff and the Class's fingerprints, as required by the BIPA; nor

- Receive a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain fingerprints, as required by the BIPA.

8.     Accordingly, this Complaint seeks an order: (i) declaring that Defendant's conduct violates the BIPA; (ii) requiring Defendant to cease the unlawful activities discussed herein; and (iii) awarding liquidated damages to Plaintiff and the proposed Class.

## PARTIES

9.     Plaintiff is a natural person residing in the State of Illinois.

2

10.     Defendant is a Foreign Limited Liability Corporation.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conduct business transactions in Illinois and has committed tortious acts in Illinois.

12.     Venue is proper in Winnebago County because Defendant operates throughout this County and "resides" in Winnebago County within the meaning of 735 ILCS § 5/2-102(a).

## FACTUAL BACKGROUND

### I.     The Biometric Information Privacy Act.

13.     In the early 2000's, major national corporations started using Chicago and other locations in Illinois to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing, yet unregulated technology. *See* 740 ILCS 14/5.

14.     In late 2007, a biometrics company called Pay By Touch—which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records—which, are unique biometric identifiers, can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who had used that company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that unique biometric identifiers could now be sold to unknown third

3

parties.

15.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted the BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

16.     The BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

17.     BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

18.     Biometric identifiers include retina and iris scans, fingerprints, voiceprints, scans of face geometry, and—most importantly here— fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *See id*.

19.     The BIPA also establishes standards for how employers must handle Illinois employees' biometric identifiers and biometric information. *See* 740 ILCS 14/15(c)–(d). For

4

instance, the BIPA requires companies to develop and comply with a written policy—made available to the public—establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

20.     Ultimately, the BIPA is simply an informed consent statute. Its narrowly tailored provisions place no absolute bar on the collection, sending, transmitting or communicating of biometric data. For example, the BIPA does not limit what kinds of biometric data may be collected, sent, transmitted, or stored. Nor does the BIPA limit to whom biometric data may be collected, sent, transmitted, or stored. The BIPA simply mandates that entities wishing to engage in that conduct must make proper disclosures and implement certain reasonable safeguards.

## II.     Defendant Violates the Biometric Information Privacy Act.

21.     By the time the BIPA passed through the Illinois Legislature in mid-2008, many companies who had experimented with using biometric data as an authentication method stopped doing so, at least for a time. That is because Pay By Touch's bankruptcy, described in Section I above, was widely publicized and brought attention to consumers' discomfort with the use of their biometric data.

22.      Unfortunately, Defendant failed to take note of the passage of the BIPA despite that it has been in effect for over a decade and Defendant are presumed to know the law.   Defendant continued to collect, store, and use its workers' biometric data in negligent, and potentially willful or reckless, violation of BIPA.

23.     Specifically, when workers perform work at Defendant, they are required to have their biometric data scanned to enroll them in a fingerprint database.

24.     Plaintiff recalls, and therefore alleges, that Defendant required that the workers (including themselves) were required to utilize biometric time clocks.

25.     Defendant uses an employee time tracking system that required employees to use their fingerprints as a means of authentication. Unlike a traditional timeclock, employees have to use their fingerprints to "punch" in to or out of work.

26.     Defendant failed to inform their workers of the complete purposes for which they collect their sensitive biometric data or to whom the data is disclosed, if at all.

27.     Defendant similarly failed to provide their workers with a written, publicly available policy identifying its retention schedule, and guidelines for permanently destroying its employees' fingerprints when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by the BIPA. An employee who leaves the company does so without any knowledge of when their biometric identifiers will be removed from Defendant's databases— or if they ever will be.

28.     The Pay By Touch bankruptcy that catalyzed the passage of the BIPA highlights why conduct such as Defendant's — whose workers are aware that they are providing biometric identifiers but are not aware of to whom or the full extent of the reasons they are doing so—is so dangerous. That bankruptcy spurred Illinois citizens and legislators to realize a critical point: it is crucial for people to understand when providing biometric data who exactly is collecting it, who it will be transmitted to, for what purposes, and for how long. But Defendant disregards these obligations, and instead unlawfully collects, stores, and uses its employees' biometric identifiers and information without proper consent.

29.     Ultimately, Defendant disregards their workers' statutorily protected privacy rights by violating the BIPA.

## FACTS SPECIFIC TO PLAINTIFF

30.     Plaintiff worked for Defendant through 2021

31.     Defendant required Plaintiff to scan Plaintiff's fingerprints so that it could be used as an authentication method to track time. Defendant subsequently stored Plaintiff's fingerprints data in their databases.

32.     Each time Plaintiff began and ended a workday, Defendant required a scan of Plaintiff's fingerprints.

33.     Defendant never informed Plaintiff of the specific limited purposes or length of time for which it collected, stored, or used fingerprints.

34.     Similarly, Defendant never informed Plaintiff of any biometric data retention policy it developed, nor whether it will ever permanently delete fingerprints.

35.     Plaintiff never signed a written release allowing Defendant to collect or store fingerprints.

36.     Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's violations of the BIPA alleged herein.

37.     Plaintiff now seeks liquidated damages under BIPA as compensation for the injuries Defendant has caused.

## CLASS ALLEGATIONS

38.     **Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of Plaintiff and a Class of similarly situated individuals, defined as follows:

> All persons who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by any of Defendant while in Illinois.

The following people are excluded from the Class: (1) any Judge presiding over this action and

7

members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

39.     **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least hundreds of employees who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

40.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a)  whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class' biometric identifiers or biometric information;

   b)  whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, and storing their biometric identifiers or biometric information;

   c)  whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff and the Class' biometric identifiers or biometric information;

   d)  whether Defendant has sold, leased, traded, or otherwise profited from Plaintiff and the Class's biometric identifiers or biometric information;

   e)  whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying

8

biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

f) whether Defendant comply with any such written policy (if one exists); and

g) whether Defendant used Plaintiff's and the Class' fingerprints to identify them.

41. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor their counsel have any interest adverse to those of the other members of the Class.

42. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all others available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in their Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and

uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Violation of 740 ILCS 14/1, *et seq.***
<u>**(On Behalf of Plaintiff and the Class)**</u>

43.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44.     The BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, the BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information...." 740 ILCS 14/15(b) (emphasis added).

45.     The BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and—importantly—deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (*i.e.*, when the employment relationship ends); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

46.     Unfortunately, Defendant fails to comply with these BIPA mandates.

47.     Defendant qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

48.     Plaintiff and the Class are individuals who had their "biometric identifiers" collected by Defendant (in the form of their fingerprints), as explained in detail in Section II. *See*

10

740 ILCS 14/10.

49.     Plaintiff and the Class' biometric identifiers or information based on those biometric identifiers were used to identify them, constituting "biometric information" as defined by the BIPA. *See* 740 ILCS 14/10.

50.     Defendant violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and biometric information.

51.     Defendant violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiff and the Class in writing that their biometric identifiers and biometric information were being collected and stored.

52.     Defendant violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used.

53.     Defendant violated 740 ILCS 14/15(a) by failing to publicly provide and follow a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric information.

54.     By collecting, storing, and using Plaintiff's and the Class' biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class' rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA, 740 ILCS 14/1, *et seq*.

55.     On behalf of themselves and the Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant's to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers

and biometric information as described herein; (2) liquidated damages for each of Defendant's violations of the BIPA pursuant to 740 ILCS 14/20; and (3) reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, respectfully requests that the Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing their counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate the BIPA;

C. Awarding statutory damages for each of Defendant's violations of the BIPA, pursuant to 740 ILCS 14/20;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

F. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

G. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

H. Awarding such other and further relief as equity and justice may require.

Dated: July 29, 2021     Respectfully submitted,

**Gino Edwards individually and on behalf of all
others similarly situated,**

    /s/ Mara Baltabols
    One of Plaintiff's Attorneys

David Fish
dfish@fishlawfirm.com
Mara Baltabols
mara@fishlawfirm.com
THE FISH LAW FIRM, P.C. (#44086)
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Atty No: 218726
Tel: 630.355.7590
Fax: 630.778.0400 /
docketing@fishlawfirm.com

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
WINNEBAGO COUNTY, ILLINOIS

GINO EDWARDS, individually and on behalf of
all others similarly situated,

_____
Plaintiff(s)

vs.

_____
NORGREN, INC d/b/a IMI PRECISION ENGINEERING

_____
Defendant(s)

Case No. _____ 2021-L-224 _____

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

NORGREN, INC d/b/a IMI PRECISION ENGINEERING

To: _c/o Illinois Corporation Service C_____ Address: _801 Adlai Stevenson Dr.,_____
(Name)

City: _Springfield_____ State: _IL___ Zip: _62703_____

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed

form to the sender within ___30____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within ___30____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served)

must answer the complaint within ___60____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and

complaint will have been mailed on _7-30-21_____ .

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile. illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/ gethelp.asp.**

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)

Name: _____

Address: _____

City: _____  State: _____  Zip: _____

Email: _____

Relationship to Entity/Authority to Receive Service of Process: _____
(Not applicable if your are the named Defendant or Respondent.)

Dated: _____

_____
Signature

\*    (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\*   (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

CC-45 V4

## STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
### WINNEBAGO COUNTY

GINO EDWARDS, individually and on behalf
of all others similarly situated,

Plaintiff

vs.
NORGREN, INC d/b/a IMI PRECISION
ENGINEERING,
Defendant

Case No. _2021-L-224_

**Service to be made to:** NORGREN, INC d/b/a IMI PRECISION ENGINEERING,

c/o Illinois Corporation Service C

801 Adlai Stevenson Dr., Springfield, IL 62703

Virtual Meeting Scheduled
Meeting ID #825 1426 7359
Virtual Meeting by Computer: Zoom.us
Virtual Meeting by Phone:
312-626-6799 / 646-558-8656 / 346-248-7799
Instructions at https://tinyurl.com/virtualcourt17

## SUMMONS

**TO THE DEFENDANT** NORGREN, INC d/b/a IMI PRECISION ENGINEERING,

**YOU ARE HEREBY SUMMONED** and required to file an Answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your Appearance in the Office of the Clerk of this Court, Winnebago County Courthouse, 400 West State St., room 108, Rockford, Illinois, **within 30 days after service of this summons**, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED FOR IN THE COMPLAINT.**

**THIS CASE IS SET FOR A CASE MANAGEMENT CONFERENCE ON**
**10/27/21 at 9:30 RM: 426**

Date / Time / Courtroom

**FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.**

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.
**This summons may not be served later than thirty (30) days after its issuance.**

7/29/2021

Plaintiff's Attorney or Plaintiff,
Name: **The Fish Law Firm, P.C**
Attorney for: **Plaintiff**
Address: **200 E. 5th Avenue, Suite 123**
City/State/Zip: **Naperville, IL 60563**
Telephone No: **630-355-7590**

DATE: _____

_Thomas A. Klein_
Thomas A. Klein, Clerk of Court
BY: AH
_____
Deputy Clerk

Electronically Issued Document ID: _____

Date of Service _____
(To be inserted by officer on copy left with defendant or other person)

**Attention:**
E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional, help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office.

If you have a disability that requires an accommodation to participate in court, please contact the
Court Disability Coordinator at 815-319-4806.

30 Day Summons | CC-45 V4
Revised January 7, 2020

CC-45 V4

## STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
### WINNEBAGO COUNTY

GINO EDWARDS, individually and on behalf
of all others similarly situated,

_____
Plaintiff

**vs.**
NORGREN, INC d/b/a IMI PRECISION
ENGINEERING,
_____
Defendant

Case No. _2021-L-224_____

**Service to be made**
**to:** NORGREN, INC d/b/a IMI PRECISION ENGINEERING,
_____

c/o Illinois Corporation Service C
_____

801 Adlai Stevenson Dr., Springfield, IL 62703
_____

Virtual Meeting Scheduled
Meeting ID #825 1426 7359
Virtual Meeting by Computer: Zoom.us
Virtual Meeting by Phone:
312-626-6799 / 646-558-8656 / 346-248-7799
Instructions at https://tinyurl.com/virtualcourt17

## SUMMONS

**TO THE DEFENDANT** NORGREN, INC d/b/a IMI PRECISION ENGINEERING,
_____

**YOU ARE HEREBY SUMMONED** and required to file an Answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your Appearance in the Office of the Clerk of this Court, Winnebago County Courthouse, 400 West State St., room 108, Rockford, Illinois, **within 30 days after service of this summons**, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED FOR IN THE COMPLAINT.**

### THIS CASE IS SET FOR A CASE MANAGEMENT CONFERENCE ON
### 10/27/21 at 9:30 RM: 426
_____
**Date / Time / Courtroom**

**FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.**

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.
**This summons may not be served later than thirty (30) days after its issuance.**

DATE: 7/29/2021

Plaintiff's Attorney or Plaintiff,
Name: **The Fish Law Firm, P.C**
Attorney for: **Plaintiff**
Address: **200 E. 5th Avenue, Suite 123**
City/State/Zip: **Naperville, IL 60563**
Telephone No: **630-355-7590**

_Thomas A. Klein_
Thomas A. Klein, Clerk of Court
BY: **AH**
_____
Deputy Clerk

Electronically Issued Document ID: _____

Date of Service _____, 20__
(To be inserted by officer on copy left with defendant or other person)

**Attention:**
E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional, help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office.

If you have a disability that requires an accommodation to participate in court, please contact the
Court Disability Coordinator at 815-319-4806.

**Notice and Acknowledgment of
Receipt of Summons and Complaint**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
WINNEBAGO COUNTY, ILLINOIS

GINO EDWARDS, individually and on behalf of
all others similarly situated,

_____
                                   Plaintiff(s)     Case No.    2021-L-224

vs.     _____

NORGREN, INC d/b/a IMI PRECISION ENGINEERING
_____
                                   Defendant(s)

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

NORGREN, INC d/b/a IMI PRECISION ENGINEERING

To:   c/o Illinois Corperation Service C _____ Address:   801 Adlai Stevenson Dr., _____
       (Name)

City:   Springfield _____ State:   IL ____   Zip:   62703 _____

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within ___ 30 ___ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within ___ 30 ___ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within ___ 60 ___ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on ___ 7-30-21 ___ .



**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile. illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/ gethelp.asp.

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)

Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Email: _____

Relationship to Entity/Authority to Receive Service of Process: _____
(Not applicable if your are the named Defendant or Respondent.)

Dated: _____

_____
Signature

\* (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\* (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

**ELECTRONICALLY FILED**
DOC ID: 14242550
CASE NO: 2021-L-0000224
DATE: 7/29/2021 4:22 PM
BY: A H, DEPUTY

### IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
### WINNEBAGO COUNTY, ILLINOIS

GINO EDWARDS, individually and on behalf
of all others similarly situated,

                *Plaintiff,*

    v.

NORGREN, INC d/b/a IMI PRECISION
ENGINEERING        *Defendant.*

Case No.:    2021-L-224

## <u>PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>

This is a proposed class action lawsuit for violations of the Biometric Information Privacy
Act ("the Act"). Gino Edwards ("Named Plaintiff") alleges that Defendant violated the Act by
collecting, possessing, and transferring Plaintiff's and the proposed class's biometric fingerprint
identifiers and information through Defendant's fingerprint scan timekeeping system without
following the Act's requirements. Class Action Complaint ("Compl.") ¶¶ 3-4, 24-28, 42-62.
Plaintiff files this Motion for Class Certification under guidance from the Illinois Supreme Court
to avoid a mootness issue that may result from a tender to Named Plaintiff. *See Barber v. Am.
Airlines, Inc.*, 948 N.E.2d 1042, 1045 (Ill. 2011) ("the important consideration in determining
whether a named representative's claim is moot is whether that representative filed a motion for
class certification prior to the time when the defendant made its tender.") (citations omitted);
*Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 48 N.E.3d 1060, 1069 (Ill. 2015)
("Simply put, defendant's tender of relief, "partial" or otherwise, after plaintiff filed its class
certification motion could not render moot any part of plaintiff's pending action") (footnote and

citation omitted).

Named Plaintiff moves to certify the following class:[1]

> All persons who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by the Defendant while in Illinois ("the Class").

The proposed Class meets the requirements for class certification under 735 ILCS 5/2-801 (numerosity, commonality, adequacy, and appropriateness).

First, the Class is too numerous for joinder to be practical because it has more than 50 members. Compl. ¶ 31. As a result, the numerosity requirement in 735 ILCS 5/2-801(1) is satisfied. *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *2 (Ill. Cir. Ct. Oct. 19, 2004) ("Although there is no bright line test to determine numerosity, the Illinois courts generally follow the reasoning that greater than 40 parties satisfies numerosity, but less than 25 people is insufficient." (citation omitted).

Second, there are common questions of law or fact that predominate over questions affecting only individual members, including: whether Defendant required the Class to scan their fingerprints to clock in and out during shifts; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act. ¶ 33. These uniform factual and legal determinations satisfy 735 ILCS 5/2-801(2). *See Ramirez v. Midway Moving & Storage, Inc.*, 880 N.E.2d 653, 658 (Ill. App. 1st Dist. 2007) (common questions of law and fact predominate where the potential class challenged the defendant's "uniform policy.").

---

[1]     Named Plaintiff reserves the right to amend this class definition and supplement this motion based on information obtained in discovery.

Third, Named Plaintiff will fairly and adequately protect the interests of the Class because his claims are coextensive with those of the Class, he has no interests antagonistic to the Class, and he is not subject to unique defenses. *See Walczak v. Onyx Acceptance Corp.*, 850 N.E.2d 357, 371 (Ill. App. 2d Dist. 2006) (finding adequacy requirement in 735 ILCS 5/2-801(3) satisfied where "plaintiffs [were] in the same position as all putative class members").

Finally, a class action is an appropriate method for the fair and efficient adjudication of this controversy because the lawsuit alleges that Defendant's common practices toward employees violated the Act. "Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well." *Id.*

The United States District Courts for the Northern District of Illinois and the Northern District of California certified class actions under Rule 23(b)(3) of the Federal Rules of Civil Procedure in cases alleging violations of the Act. *Alvarado v. Int'l Laser Prods., Inc.*, Case No. 1:18-cv-7756, 2019 WL 333795, at *1 (N.D. Ill. June 19, 2019) (claims by employees alleging violations of the Act based on the defendant's biometric fingerprint timekeeping system); *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 549 (N.D. Cal. 2018) (claims by Facebook users who alleged that the defendant collected their biometric identifiers and information from their social media photos).

WHEREFORE, for the foregoing reasons, Named Plaintiff requests that the Court:

A. Enter and continue this motion and enter an order allowing expedited limited class certification discovery;

B. Set a schedule for Named Plaintiff to file supplemental evidentiary materials and a supporting memorandum of law; and

3

     C.  Such other relief as this Court deems appropriate under the circumstances.

Dated: July 29, 2021                    Respectfully submitted,

                                        /s/Mara Baltabols
                                        One of Plaintiff's Attorneys

                                        David Fish
                                        Mara Baltabols
                                        **THE FISH LAW FIRM, P.C.**
                                        200 East Fifth Avenue, Suite 123
                                        Naperville, Illinois 60563
                                        dfish@fishlawfirm.com
                                        mara@fishlawfirm.com

                                        *Attorneys for Plaintiff*

**ELECTRONICALLY FILED**
DOC ID: 14242550
CASE NO: 2021-L-0000224
DATE: 7/29/2021 4:22 PM
BY: A H, DEPUTY

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT

## WINNEBAGO COUNTY, ILLINOIS

GINO EDWARDS, individually and on behalf of
all others similarly situated,

        *Plaintiff,*

    v.

NORGREN, INC d/b/a IMI PRECISION
ENGINEERING        *Defendant.*

Case No.:  2021-L-224

**Meeting ID: 837 9095 4382**

Virtual Meeting Scheduled
Meeting ID # 837 9095 4382
Virtual Meeting by Computer: Zoom.us
Virtual Meeting by Phone:
312-626-6799 / 646-558-8656 / 346-248-7799
Instructions at https://tinyurl.com/virtualcourt17

### <u>NOTICE OF MOTION</u>

To: NORGREN, INC d/b/a IMI PRECISION ENGINEERING

c/o Illinois Corporation Service C, 801 Adlai Stevenson Dr., Springfield, IL 62703

    PLEASE TAKE NOTICE that on **September 23, 2021 at 9:30 a.m**, or as soon thereafter as counsel can be heard, I shall appear before the Honorable Judge Donna Honzel, of the 17th Judicial Circuit of Winnebago County, Rockford, Illinois to present the **<u>Plaintiff's Motion for Class Certification</u>**, a copy of which is attached hereto and hereby served upon you.

Dated: July 29, 2021

                    Respectfully submitted,

                    Gino Edwards **individually and on
                    behalf of all others similarly situated.**

                    By:    /s/   Mara Baltabols
                         One of Her Attorneys

### <u>CERTIFICATE OF SERVICE</u>

    I certify that on July 29, 2021, a copy of the within instrument was filed via the Court's approved electronic filing service provider, which will automatically serve and send notification of such filing to all parties who have appeared and have not until this point been found by the Court to be in default for failure to plead. Additionally, a true and correct copy was served on those parties by U.S. Mail pursuant to Illinois Supreme Court Rule 11.

                    By:  /s/Mara Baltabols
                         Attorney for Salina Bryant

THE FISH LAW FIRM, P.C.
200 E 5th Ave., Suite 123
Naperville, IL 60563
(630) 355-7590
admin@fishlawfirm.com



062S0009565020

$0.510
US POSTAGE
FIRST-CLASS
FROM 60563
JUL 30 2021
stamps
endicia

The Fish Law Firm, P.C
200 E. 5th Ave., Suite 123
Naperville IL 60563-3173

